[709 NYS2d 443]

In the Matter of CARMINE DeSANTIS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 5, 2000

**APPEARANCES OF COUNSEL**

*Robert H. Straus*, Brooklyn, for petitioner.

*Jerome Karp, P. C.*, Brooklyn, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition containing one

charge of professional misconduct, which he admitted in his answer. After a hearing, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the report of the Special Referee. The respondent does not oppose the motion, but argues that the sanction imposed should be limited to a public censure.

The petitioner alleged that the respondent was guilty of professional misconduct in that he was convicted of a serious crime. On or about April 6, 1999, before the Honorable Denny Chin in the United States District Court for the Southern District of New York, the respondent pleaded guilty to violating 18 USC § 1505 (obstruction of justice), a felony under Federal law. He was sentenced to a one-year term of probation and a $5,000 fine. By reason thereof, the respondent violated Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8) (now [7]) (22 NYCRR 1200.3).

Based on the evidence adduced at the hearing, including the respondent's admission, the Special Referee properly sustained the charge.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that he was not convicted of any securities-related offense, that he was not aware that he had obtained insider information until after the transaction took place, that he misled the Securities and Exchange Commission only out of concern for a friend and his family, and that he subsequently corrected his misleading statements and cooperated with the Government's investigation. The respondent also asks the Court to consider his distinguished athletic record in college, his numerous community-service activities, his expressed remorse, the punishment he has already suffered, and the character evidence presented at the hearing. The respondent argues that the sanction imposed should be limited to a public censure. He has no prior disciplinary record.

Under the totality of the circumstances, the respondent is disbarred for his professional misconduct.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Carmine DeSantis, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Carmine DeSantis is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.